**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL MYERS,

                                       Plaintiff,

                                                                                           9:20-cv-00961 (BKS/DJS)

v.

ERICA SAXTON, et al.,

                                       Defendants.

**Appearances:**

*Plaintiff, pro se:*
Michael Myers
Marcy, NY

*For Defendants:*
Letitia James
Attorney General of the State of New York
David C. White
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

      Plaintiff Michael Myers is involuntarily civilly confined at the Central New York Psychiatric Center ("CNYPC") pursuant to Article 10 of the New York State Mental Hygiene Law. (*See generally* Dkt. No. 1). On August 20, 2020, Plaintiff commenced this civil rights action under 42 U.S.C. § 1983 asserting claims arising out of his confinement. (*Id.*). On November 9, 2020, Defendants Saxton, Kehoe, Benedict, Dawes, and Lopata filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint for failure to state a

claim. (Dkt. No. 13). Plaintiff filed a response opposing the motion to dismiss, (Dkt. No. 15), and Defendants filed a reply, (Dkt. No. 18). This matter was referred to United States Magistrate Judge Andrew T. Baxter,[1] who, on January 28, 2021, issued a Report-Recommendation recommending that: the Complaint be dismissed without prejudice as to Defendant Dawes; Plaintiff's Fourteenth Amendment procedural due process claim against Defendants Saxton, Kehoe, and Lopata be dismissed without prejudice; Plaintiff's First Amendment retaliation claim against Defendant Saxton be dismissed without prejudice; Plaintiff's Fourteenth Amendment Excessive Force claim against Defendant Benedict be dismissed without prejudice; and Defendants' motion to dismiss be otherwise denied. (Dkt. No. 22, at 22–23).

Plaintiff has filed timely objections to the Report-Recommendation. (Dkt. No. 24). Defendants responded to Plaintiff's objections and urge the Court to adopt the Report-Recommendation. (Dkt. No. 25). For the reasons below, the Report-Recommendation is adopted in its entirety.

## II.    STANDARD

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the

---

[1] On January 29, 2021, this case was reassigned from United States Senior District Judge Thomas J. McAvoy and Magistrate Judge Baxter to the undersigned and United States Magistrate Judge Daniel J. Stewart. (Dkt. No. 23). Plaintiff has a second § 1983 case pending before this Court concerning Plaintiff's March 2020 placement on Motivation on Deck ("MOD") status at CNYPC. *Myers v. Saxton*, No. 20-cv-0465 (filed Apr. 23, 2020).

report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

### III. DISCUSSION

Plaintiff objects to Magistrate Judge Baxter's recommendation that his Fourteenth Amendment procedural due process claims[2] against Defendants Saxton, Kehoe, Dawes, and Lopata be dismissed. (Dkt. No. 24). In the Complaint, Plaintiff asserts that Defendants Saxton, Kehoe, Dawes, and Lopata's August 2020 placement of Plaintiff on Motivation on Deck ("MOD") status for 28 days violated his Fourteenth Amendment procedural due process rights. (Dkt. No. 1, at 6, 13, 16). Defendants moved for dismissal, arguing that Plaintiff failed to allege an enforceable liberty interest and thus failed to plausibly allege procedural due process claims. (Dkt. No. 13-1, at 7–9). Magistrate Judge Baxter noted that Plaintiff had a second action pending before this Court and, in that action, this Court had *denied* a motion to dismiss Plaintiff's procedural due process claim concerning his March 2020 placement on MOD status. (Dkt. No. 22, at 8 (citing *Myers v. Saxton*, No. 20-cv-465, 2021 WL 149062, at *3–5, 2021 U.S. Dist. LEXIS 8128, at *6–13 (N.D.N.Y. Jan. 15, 2021)). Magistrate Judge Baxter agreed with this Court's conclusion "that the case law does not preclude a CNYPC resident-plaintiff from successfully asserting that restrictions *actually* imposed on him while involuntarily committed,

---

[2] Plaintiff's Third and Thirteenth Claims allege procedural due process violations from his placement on MOD status and "disciplinary proceeding." (Dkt. No. 1, at 13, 16).

3

including the nature of his placement on MOD status, deprived him of one of his enumerated liberty interests," (Dkt. No. 22, at 9–11 (citing *Myers*, 2021 WL 149062, at *3–5, 2021 U.S. Dist. LEXIS 8128, at *6–13); *see also Myers*, 2021 WL 149062, at *3–4, 2021 U.S. Dist. LEXIS 8128, at *8–11 (rejecting the defendants' general argument that a plaintiff has no "enforceable liberty interest with respect to being placed on MOD status"). However, Magistrate Judge Baxter also observed that because courts in this district have found, "as a general matter," that the CNYPC and MOD programs are "'clinically appropriate and supported by legitimate interests,' it stands to reason that a plaintiff must allege something more than mere placement on MOD status in order to invoke the protection of the due process clause." (Dkt. No. 22, at 10–11 (citing *Groves v. New York*, No. 09-cv-0412, 2010 WL 1257858, at *9–10, 2010 U.S. Dist. LEXIS 29722, 37–38 (N.D.N.Y. Mar. 1, 2010))). Magistrate Judge Baxter explained that because in this case, the "plaintiff has not alleged the deprivation of any constitutionally protected liberty interest other than his general placement on MOD status," he "recommends granting defendants' motion and dismissing plaintiff's Fourteenth Amendment procedural due process claim . . . with leave to replead." (Dkt. No. 22, at 12).

Plaintiff objects to dismissal of his "Fourteenth Amendment Due Process claim on MOD status," arguing, among other things, that the Report-Recommendation relied "on cases cited . . . for prisoners," rather than involuntarily confined residents; that MOD status is "meant to take" "personal property from our rooms"; that MOD status is comparable to a Tier 2 charge in the prisoner context; and that MOD status is meant to punish. (Dkt. No. 24, at 1-3). Plaintiff also asserts that "they apply a MOD unit which acts as a S[pecial] H[ousing] U[nit] box in prison"; and that MOD status can deprive residents of "access to [their] rooms" from 8 a.m. until 9 p.m." (Dkt. No. 24, at 1–4). Plaintiff's objections are without merit.

To begin, the Court has reviewed the entire Report-Recommendation but found no improper citations to prisoner cases. Not only did Magistrate Judge Baxter accurately recite the law applicable to involuntarily confined individuals, (Dkt. No. 22, at 8 n.9), but he also correctly recounted the manner in which other courts in the Second Circuit have applied the relevant case law in MOD status placement cases. (*Id.* at 8–12). Moreover, as alleged, Plaintiff's comparison of MOD status to a Tier 2 charge in the prison context does not allow a plausible inference of a procedural due process violation. *See Rosado v. Maxymillian*, No. 13-cv-359, 2020 WL 6384768, at *13, 2020 U.S. Dist. LEXIS 202548, at *46 (N.D.N.Y. Oct. 30, 2020) (noting that "the question is not necessarily one of comparison with DOCCS, but whether conditions at [the CNYPC] violate Plaintiffs' rights"). Finally, as the below comparison of the factual allegations in this case to those in Plaintiff's other action illustrates, Plaintiff's allegations of MOD status as punishment, and a 28-day deprivation of personal property are insufficient to allow an inference that any liberty interest was violated.

In *Myers*, citing *Youngberg v. Romeo*, 457 U.S. 307, 315-16, 320, 324 (1982), this Court explained that "[i]nvoluntarily committed residents, like plaintiff, specifically retain rights under the Due Process Clause to adequate food, shelter, clothing, and medical care; training and treatment; safe, decent, and humane conditions of confinement; and freedom from undue bodily restraint." *Myers*, 2021 WL 149062, at *4, 2021 U.S. Dist. LEXIS 8128, at *7. The Court found that, together, the allegations that the "28-day MOD placement 'led up to [Myers] being fully restrain[ed],'" there was no hearing, and Myers was not responsible for the misconduct that led to the imposition of MOD status were sufficient to state a plausible claim for relief. *Id.* Here, however, Plaintiff alleges that as a result of his placement on MOD status, he was merely deprived of certain items of personal property, (Dkt. No. 1, at 7; Dkt. No. 24, at 1). As

5

Magistrate Judge Baxter noted, in considering whether a plaintiff has alleged a protected liberty interest the Court considers the restrictions *actually* imposed. (Dkt. No. 22, at 10-11). Here, unlike his case challenging his March 2020 MOD status, where he was allegedly "fully restrain[ed]," Plaintiff's complaint challenging his August 2020 MOD status does not allege "undue bodily restraint" or that he was otherwise deprived of a liberty interest, such as adequate food, shelter, clothing, medical care or humane conditions of confinement. *Youngberg*, 457 U.S. at 315-16, 320, 324 (stating that individuals involuntarily confined must be provided "adequate food, shelter, clothing, and medical care"; "reasonable safety . . . within the institution"; freedom from "restrain[t] . . . except when and to the extent professional judgment deems this necessary to assure such safety or to provide needed training"; and "training as an appropriate professional would consider reasonable to ensure his safety and to facilitate his ability to function free from bodily restraints"); *cf. June v. Blair*, No. 09-cv-323, 2012 WL 1048463, at *11, 2012 U.S. Dist. LEXIS 42594, at *33 (N.D.N.Y. Mar. 28, 2012) (finding complaint alleging that the plaintiff's "[a]rbitrary placement in the MOD," where he was "restrained to a day room some fourteen (14) hours," restricted from activities, recreation and treatment programs, and "forced against his will to remain in the 'Mod' area day and night" stated a due process claim). Accordingly, having reviewed de novo Plaintiff's Fourteenth Amendment procedural due process claim, the Court finds Plaintiff's objections without merit and that the Complaint fails to allege facts suggesting any liberty interest was implicated,[3] and thus fails to state a plausible claim for relief.

---

[3] In the absence of an alleged deprivation of a liberty interest, the Complaint fails to state a plausible due process claim. *See Soc'y for Good Will to Retarded Child., Inc. v. Cuomo*, 737 F.2d 1239, 1248 (2d Cir. 1984) ("While a court must ascertain what the professional standard is, it must also remember that the ultimate issue is whether patients' basic liberty interests are being safeguarded.").

Plaintiff does not specifically object to any other aspect of the Report-Recommendation. Accordingly, the Court has reviewed the remainder of Magistrate Judge Baxter's thorough Report-Recommendation for clear error and found none. The Court thus adopts the Report-Recommendation in its entirety for the reasons stated therein.

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 22) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 13) based upon Fed. R. Civ. P. 12(b)(6) is **GRANTED IN PART AND DENIED IN PART**, and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 13) is **GRANTED** and Plaintiff's Complaint **DISMISSED WITHOUT PREJUDICE** as to Defendant Dawes, and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 13) is **GRANTED** and Plaintiff's Fourteenth Amendment Procedural Due Process Claims against Defendants Saxton, Kehoe, and Lopata are **DISMISSED WITHOUT PREJUDICE**, and it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 13) is **GRANTED** and Plaintiff's First Amendment Retaliation Claim against Defendant Saxton is **DISMISSED WITHOUT PREJUDICE**, and it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 13) is **GRANTED** and Plaintiff's Fourteenth Amendment Excessive Force Claim against Defendant Benedict is **DISMISSED WITHOUT PREJUDICE**, and it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 13) is **DENIED** in all other respects and that the remainder of Plaintiff's claims are permitted to proceed,[4] and it is further

**ORDERED** that Plaintiff is granted leave to file an Amended Complaint **within thirty (30) days** of the date of this Order. Any Amended Complaint must be a complete pleading which will replace the current Complaint in total; and it is further

**ORDERED** that if Plaintiff files an Amended Complaint within thirty (30) days of the date of this Order, the Amended Complaint shall be referred to Magistrate Judge Stewart for review; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 7, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[4] Defendants' motion is denied to the extent it seeks dismissal of any other causes of action alleged against Defendant Benedict relating to the conditions of Plaintiff's temporary confinement in the side room. Moreover, to the extent Defendants Benedict, Saxton, Kehoe, and Lopata seek dismissal of the Complaint in full, their motion is denied except as detailed above, and they are directed to respond to Plaintiff's surviving sixth, seventh, eighth, fifteenth, sixteenth, seventeenth, eighteenth, and twenty-first claims.